STATE OF NORTH CAROLINA v. ROBERT OOTEN, JR.

No. 748SC1095

(Filed 7 May 1975)

**Criminal Law § 124— sufficiency of verdict**

In a prosecution upon an indictment charging felonious breaking or entering, larceny and receiving, a jury verdict finding defendant guilty of nonfelonious entry and "not guilty on the other counts" was not ambiguous although the court did not submit the receiving count to the jury.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 14 October 1974 in the Superior Court, WAYNE County. Heard in the Court of Appeals 11 March 1975.

State v. Ooten

The defendant, Robert Ooten, Jr., was charged in a three-count bill of indictment, proper in form, with felonious breaking or entering, larceny, and receiving.

The defendant pleaded not guilty. The jury found the defendant "guilty of non-felonious entry; not guilty on the other counts." From a judgment imposing a jail sentence of two years, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray for the State.*

*Whitley and Vickory by C. Branson Vickory for defendant appellant.*

HEDRICK, Judge.

The only argument advanced by the defendant on this appeal is that "the verdict is clearly ambiguous and in view of the Law of North Carolina clearly holding that an ambiguous verdict, the ambiguity being unexplainable, must be interpreted in favor of the defendant. . . ."

Defendant insists that the phrase "not guilty on the other counts" makes the verdict ambiguous because he could have been found guilty of only two *counts* under the indictment. Defendant's argument is not persuasive. By finding the defendant guilty of the lesser included offense charged in the first count of the bill of indictment, the jury found the defendant not guilty of felonious breaking or entering. The phrase in the verdict, "not guilty on the other counts," merely expands the verdict to find the defendant not guilty of felonious larceny, the second count in the bill of indictment.

The defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and CLARK concur.